## In re MADCAT TWO, INC.

### No. 90–40522 S.

United States Bankruptcy Court,
E.D. Arkansas,
Little Rock Division.

Oct. 24, 1990.

Jack Sims, Little Rock, Ark., for debtor.

James Dowden, U.S. Trustee, Little Rock, Ark., for Premier Bank.

## ORDER DENYING MOTION FOR AUTHORITY TO MAKE PARTIAL PAYMENT ON SECURED DEBT

MARY D. SCOTT, Bankruptcy Judge.

The matter before the Court is a Motion filed by the debtor-in-possession seeking to use $8,500.00 from cash collateral funds pledged to Premier Bank, N.A. ("Premier"). The debtor does not necessarily concede that this payment would be outside the already Court approved Agreed Cash Collateral Order under which it is now operating, but seeks specific approval in any event.

Debtor is seeking permission to pay Twin City Bank $8,500.00 from cash collateral funds. The facts as follows are not in dispute. This creditor apparently loaned funds to the debtor, but the debt was secured with a first mortgage on the residence of debtor's owner and majority shareholder. Debtor has historically made an annual payment on this debt. No property of the debtor-in-possession secures Twin City Bank's claim. Any claim this bank might have in these Chapter 11 proceedings would be unsecured.

Debtor contends that use of the cash collateral is necessary to allow the debtor's owner to keep his homestead. Debtor states that loss of the owner's homestead would cause great hardship, hamper the reorganization efforts of debtor and jeopardize the functioning of the corporate debtor. In support of its request, debtor asserts that Premier's security interest is adequately protected because the bank is oversecured and it is receiving periodic payments. Furthermore, debtor argues that since Premier did not, in the first instance, impose any specific restrictions on the use of its cash collateral, it should not be able to do so now.

Debtor does acknowledge that Premier may argue that its proposed use of cash collateral is outside the ordinary course of debtor's business. Debtor argues, however, that the Court is empowered to authorize such an expenditure if an adequate business justification is provided. Debtor contends that the business justification for this proposal is that Twin City Bank will release the bankruptcy estate from an almost $100,000.00 unsecured claim in exchange for the $8,500.00 payment. Debtor cites two cases in support of its position. *In re Ionosphere Clubs, Inc.*, 98 B.R. 174 (Bankr.S.D.N.Y.1989) and *In re Cross Baking Co., Inc.*, 818 F.2d 1027, 1034 (1st Cir.1987). Premier objects to this expanded use of its cash collateral, and does not agree that it is oversecured. Premier argues that cases cited by the debtor in support of its position can be distinguished on their facts and hence, are not applicable.

The issue before the Court is whether cash collateral of Premier may, under the circumstances, be used for the purpose stated by the debtor. The Court has considered the briefs submitted by the parties as well as all cases cited and concludes the Motion should be denied.

Section 363(b) of the Bankruptcy Code gives the Court broad flexibility in use of cash collateral determinations. However, the Court does not find that debtor's request is justified. The Court agrees with Premier's argument that the payment is being made to appease a major creditor, specifically one that is unsecured as to this Chapter 11 estate. The creditor is secured by property of a non-debtor insider who is salaried by the debtor and presumably can make his own house payments. Debtor argues that the estate is justified in making this $8,500.00 payment because Twin City Bank will release a $100,000.00 unsecured claim against the estate. This argu-

ment ignores the fact that this claim *is* secured. Since there is also a second mortgage on this same collateral, it is at least plausible that this first lien would be satisfied by sale of the collateral and the estate would have no liability in any event. Debtor's justification that there is a benefit to the estate is speculative, at best, and unsupported by any evidence.

The Court finds under the circumstances that the Motion to use cash collateral to make the $8,500.00 payment for the benefit of the non-debtor insider should be denied. There is insufficient evidence that there would be a benefit to the estate. The Court also finds that a determination of the value of Premier's collateral, i.e., whether it is under or oversecured, is not necessary for this finding.

Accordingly, it is hereby

ORDERED that debtor's Motion for Authority to Make Partial Payment on Secured Debt is denied.

IT IS SO ORDERED.